THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued May 4, 1927—Decided January 17, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *Hobart & Minard*.

For the state, *Archibald C. Hart,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant company was convicted upon an indictment presented by the grand jury of Bergen county, charging it with the crime of manslaughter in the killing of one Victoria Reed. The proofs showed that while Miss Reed was riding as a passenger in a car driven by one Kirby, and was passing through Hackensack, the automobile was struck by a train of the defendant company as it was being driven across the railroad tracks at Moore street. Miss Reed was killed in the collision. The accident occurred at about quarter past eight on the evening of August 18th, 1926. Defendant's train was moving in an easterly direction and Kirby's automobile was traveling north along Moore street.

The fundamental question raised by the assignments of error is whether there was evidence sufficient to support the finding of the jury that the railroad company was guilty of gross negligence causing the accident; that is, negligence of such a character as to show a wanton disregard for the lives and safety of people traveling on the highway. We think there was evidence which justified such a finding. The proofs showed that this crossing was one that was used very extensively by travelers along the highway, not only in the daytime, but in the evening; that the railroad company protected it from seven o'clock in the morning until seven o'clock at night by a flagman; but that from that hour of the night to the same hour of the morning the crossing was left unguarded by a flagman or by any mechanical safety device. Moore street adjoins the station of the railroad company, and also

a building erected upon the company's property and used by the American Railway Express Company. This latter building comes within fifteen or twenty feet of the street. Both of them are on the south side of the railroad company's right of way and are very close together. They obstruct almost entirely the view of a person traveling north, in the direction from which the railroad company's train was coming. The presence of these buildings made the crossing greatly dangerous to persons in the situation of the occupants of the automobile, and, this being so, the law imposed upon the railroad company the duty of using every reasonable precaution to protect travelers going north on the highway against accidents which might result through trains moving eastward. As was held in the case of *Pennsylvania Railroad Co.* v. *Matthews,* 36 *N. J. L.* 531, if a railroad company, for its own convenience, sees fit to put up buildings close along its track, thus obstructing the view of approaching trains and making the crossing greatly dangerous to persons using the highway, even though the statutory signal is given by the engineer of an approaching train, it seems to be very clear that such company must be held to have taken upon itself the duty of averting such danger by the employment of every reasonable precaution in its power. This is a decision of the Court of Errors and Appeals, which frequently has been referred to with approval by our later decisions. In the present case the proofs showed that the traffic on Moore street had increased very rapidly in the few years preceding the accident. More than a year before its happening the attention of the railroad company was called to the dangerous conditions existing at the crossing by the mayor of the city. The company, however, did nothing to obviate the dangerous conditions. Shortly before the accident the then mayor again called the attention of the railroad company to the situation, and the railroad company replied that it was engaged in considering methods for rendering the crossing less dangerous. This, it seems to us, was an admission on the part of the railroad company that it was aware of the extra hazardous condition of the crossing, and that it owed a duty to the pub-

lic to protect it against such dangers. The fact that the railroad company appreciated the situation, had had its attention called to the extra hazardous condition, for which it was responsible, coupled with the fact that it did nothing to protect the public against such extra hazard, justified the jury, we think, in finding that the accident was not only the result of the dereliction in duty of the railroad company, but that in neglecting to perform its duty it was guilty of gross negligence of a character which showed a wanton disregard for the lives and safety of the traveling public using this highway.

The other assignments of error and reasons for reversal argued by counsel for the plaintiff in error are directed at alleged erroneous rulings upon the admission or rejection of evidence, and alleged errors in the charge to the jury, and the refusal of the court to charge certain requests that were submitted on behalf of the plaintiff in error. Our consideration of them leads us to the conclusion that none of them are of substantial merit; that the rulings on evidence which are complained of in them either were proper or were not harmfully injurious to the defendant; and that the requests to charge were charged in effect, so far as they were relevant, and contained an accurate statement of legal principles.

Our conclusion is that, for the reasons indicated, the judgment under review should be affirmed.